UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
TORRANCE JONES,                     :
                                    :
           Plaintiff,               :
                                    :
     v.                             :   Civil Action No. 10-2074 (ABJ)
                                    :
EXECUTIVE OFFICE FOR THE            :
UNITED STATES ATTORNEYS,            :
                                    :
           Defendant.               :
_____:

**MEMORANDUM OPINION**

This matter is before the Court on defendant's Renewed Motion for Summary Judgment [ECF No. 26]. For the reasons discussed below, the motion will be granted.

I. BACKGROUND

In May 2010, plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Executive Office for United States Attorneys ("EOUSA") for information about himself and for information obtained from third parties by law enforcement officers in the course of the criminal proceedings brought against him:

> I am specifically requesting the statements that AUSA Christine Hamilton and Raleigh Police Detectives Kennon and A.J. Wisniewski gained during interviews in United States v. Torrance Jones, Case No.: 5:96-CR-79-1-BO. These statements are:
> Richard Mann on May 15, 1996; Michael Rubel on July 29, 1996; Ricky Draper on September 15, 1996; Bernard Sinclair on September 15, 1996; Daniel Dunning on July 29, 1996; and Brian Eversole on July 29, 1996.

1

Compl., Ex. 1 (Letter from plaintiff to EOUSA, FOIA/PA Unit, dated May 19, 2010) (emphasis removed). Relying on Exemption 7(C), the EOUSA denied plaintiff's FOIA request (assigned Request No. 2010-1935) in full, explaining that "records concerning third parties . . . cannot be released without express authorization and consent of the third parties." Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. [ECF No. 9], Decl. of David Luczynski ("Luczynski Decl.") ¶ 5.

The Court denied defendant's initial motion for summary judgment [ECF No. 9] on plaintiff's showing that a genuine issue of material fact was in dispute as to whether some or all of the requested information already had entered the public domain and therefore was not exempt from disclosure under Exemption 7(C). In addition, the Court denied defendant's renewed motion for summary judgment [ECF No. 20] because the EOUSA failed to demonstrate that its search for records responsive to plaintiff's FOIA request was reasonable under the circumstances. The deficiency has been addressed in the EOUSA's renewed motion for summary judgment.

## II. DISCUSSION

"The Court employs a 'reasonableness' test to determine the 'adequacy' of search methodology, consistent with the congressional intent tilting in favor of disclosure." *Campbell v. U.S. Dep't of Justice,* 164 F.3d 20, 27 (D.C. Cir. 1998) (internal citations omitted). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was

adequate." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (citing *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982)). A search need not be exhaustive, however. *Miller v. U.S. Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985). The agency may submit affidavits or declarations to explain the method and scope of its search, *see Perry*, 684 F.2d at 126, and such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n,* 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted).

The EOUSA's first declarant described the agency's search for responsive records as follows:

> I began my search by inserting [plaintiff's] name into the Legal Information Network System ("LIONS"). LIONS is a case management/tracking system used by [United States Attorneys Offices] to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys, and to produce a variety of reports on that information. From that search, I was able to ascertain that there was one criminal file (USAO 1996R00157) with corresponding appellate file and a separate appellate file (1997R00109) that pertained to court docket no. 5:96-CR-79-1BO, where responsive records would most likely be housed. I easily located the files in our office's archived records section. (The criminal file had been purged and closed, according to our office's procedures and policies . . . on January 28, 1997.)

Mem. of P. & A. in Supp. of Def.'s Renewed Mot. for Summ. J. [ECF No. 20], Decl. of Leslie Langenberg ¶ 5. Review of these files yielded no records responsive to plaintiff's FOIA request. *See id.* ¶ 6.

Plaintiff countered that the search should have included queries of the relevant databases using each co-defendant's name as a search term. Mem. of Law & Facts in Supp. of Opp'n to

3

Def.'s Renewed Mot. for Summ. J. [ECF No. 22] at 6. A second declarant explained that LIONS searches using "the names of [plaintiff], Richard Mann, Michael Rubel, Ricky Draper, Bernard Sinclair, Daniel Dunning and Brian Eversole" yielded "one criminal file (USAO 1996R00157) . . . that pertained to court docket number 5:95-CR-79-1BO, where the responsive records would most likely be housed." Mem. of P. & A. in Supp. of Def.'s Renewed Mot. for Summ. J. [ECF No. 26], Decl. of Robin G. Zier ¶ 2. A search of that criminal case file yielded no records responsive to plaintiff's FOIA request:

> All seven of the above-named individuals were defendants in the criminal file, USAO 1996R00157. Although the file had been stripped in accordance with office policy, it still contained individual folders for each of the above-named seven individuals. Each of the seven individual files, as well as the main file, were [sic] carefully reviewed. None of these files contained any statements as set out in the FOIA request that is in litigation, nor did they contain any statements as ordered to be provided by this Court, if they existed.

*Id.* Based on these findings, the declarant "determined that [the United States Attorney's Office for the Eastern District of North Carolina] does not have in its possession any documents in response to [plaintiff's] FOIA request." *Id.* ¶ 3.

Plaintiff argued that even this search was inadequate because the "EOUSA failed to search the PROMIS database[]." Mem. of Law & Facts in Supp. of Opp'n to Def.'s Renewed Mot. for Summ. J. [ECF No. 29] ("Pl.'s Opp'n") at 3. He explains that his "indictment began in 1995 and the investigation was completed in September of 1996. Thereafter the prosecution was finalized on January 28, 1997." *Id.* Because his case "pre-dates the [LIONS] system," plaintiff posited that a reasonable search should have included queries of the "PROMIS tracking system ``

A third declarant explained that any responsive records would have been maintained in LIONS:

> [The United States Attorney's Office for the Eastern District of North Carolina ("EDNC")] has used the [LIONS] database to maintain criminal and civil case files since approximately 1997. Prior to that time, the EDNC used either the PROMIS or USACTS for criminal case tracking. When LIONS was rolled out around September/October of 1997 (FY 98), matters that were still pending resolution[] were migrated from the case information in PROMIS and/or USACTS into LIONS. For this particular case, [plaintiff] was charged by complaint on April 4, 1996; charged by Indictment on April 23, 1996; sentenced on January 28, 1997 and . . . filed an appeal on February 5, 1997. His appeal was concluded on May 26, 1999 by way of an Opinion from the 4th Circuit Court of Appeals. Therefore, [his] case was still pending during the migration and his case information would have been transferred into LIONS. Therefore, the case information was migrated from the old system (PROMIS or USACTS) and still is available in LIONS.

Supplement to Def.'s Renewed Mot. for Summ. J. [ECF No. 36], Decl. of Leslie S. Hiatt ¶ 6. Thus, defendant's search in LIONS for records responsive to plaintiff's FOIA request would have yielded any records that may have been maintained previously in PROMIS.

"To win summary judgment on the adequacy of a search, the agency must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (internal quotation marks and citations omitted). The EOUSA's supporting declarations explain in reasonable detail the scope and method of the searches for responsive records, and absent "countervailing evidence or apparent inconsistency of proof," these declarations "suffice to demonstrate compliance with the obligations imposed by the FOIA." *Perry*, 684 F.2d at 127.

### III. CONCLUSION

Defendant has demonstrated that there remains no genuine issue of material fact as to the EOUSA's compliance with the FOIA and that it is entitled to judgment as a matter of law.

Accordingly, the Court will grant its renewed motion for summary judgment. An Order accompanies this Memorandum Opinion.

DATE: August 9, 2013

/s/
AMY BERMAN JACKSON
United States District Judge